Amilcar Francisco Fuentes AGUILAR, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 10–70851.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 9, 2012.*

Filed Oct. 12, 2012.

Amilcar Francisco Fuentes Aguilar, Los Angeles, CA, pro se.

Lindsay M. Murphy, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM **

Amilcar Francisco Fuentes Aguilar, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's finding that Aguilar, who was never arrested, harmed, or directly threatened with arrest or harm in Guatemala, failed to establish past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (no past persecution where the petitioner was not physically harmed or detained and only suffered *de minimis*

property damage and vague threats). Substantial evidence also supports the agency's finding that Aguilar failed to demonstrate a well-founded fear of future harm. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000) (finding no well-founded fear of future persecution where the petitioner suffered a brief detention many years prior to her asylum application and had since returned to Ethiopia three times without incident). Accordingly, Aguilar's asylum claim fails.

Because Aguilar has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Aguilar failed to establish that it is more likely than not he will be tortured if returned to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir.2011).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.